U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

**FILED**

NOV 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mark Cummings, Esq.
Sher, Cummings and Ellis
3800 N. Fairfax Drive, Suite 7
Arlington, Virginia 22203
(o) 703-525-1200
(f) 703-525-0067

CR: 06-342 (ESH)

Re: United States v. **Ismael M. Waziry**
Criminal Number 05-598M

Dear Mr. Cummings:

This letter sets forth the full and complete plea offer to your client, **Ismael Waziry**, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on ~~October 27,~~ November 8, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

Your client agrees to plead guilty to **a criminal Information, a copy of which is attached**, in violation of Title 18, United States Code, Section 371 (Conspiracy to commit Trademark Infringement).

Your client understands that the maximum sentence that can be imposed is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss case 05-595m against Qudrat Waziry and case 05-600m against Abdul Waziry. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual [2004] (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A.     Offense Level under the Guidelines**

The parties agree that the following is a correct calculation of all relevant Sentencing Guideline factors:

| | | |
|---|---|---|
| 2B5.3 | Base Offense Level | 8 |
| 2B1.1(b)(E) | Loss greater than $70,000<br>Loss is $115,319 | 8 |
| 3E1.1 | Acceptance of Responsibility | -3 |
| TOTAL | | 13 |

**Acceptance of Responsibility: 3-point reduction:** Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable **Guidelines Offense Level is 13.**

**B.     Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has no relevant criminal history.

In accordance with the above, your client's **Criminal History Category is I**

**C.     Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range is 12 to 18 months (the "Stipulated Guidelines Range").**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or   (ii) engaged in additional criminal conduct after signing this Agreement.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense[s] authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

Without regard to any restitution that may be ordered by the Court, your client agrees to make restitution in the amount of no less than **$30,000** to all victims of your client's criminal conduct and not merely for those victims included in the count(s) to which your client agrees to plead guilty. Your client agrees to make sure restitution **prior to sentencing**. Your client understands that if you client fails to make such agreed-upon restitution that the Government may seek to void this Agreement.

**Appeal Waiver**

It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

**Interpreter**

Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

**Abandonment**

Your client agrees to abandon all currency seized during the lawful execution of the search warrants as described in the attached statement of facts unless and until the currency exceeds the restitution amount as agreed by the parties. All such abandoned currency will be applied towards the fulfillment of the defendant's restitution obligations.

Your client agrees to the abandonment of certain property seized from his business, residence, vehicle, person and storage location on November 10, 2005 and November 19, 2005, detailed as follows:

Description
-**All products containing a Louis Vuitton identifier**
-**All products containing a Christian Dior identifier**
-**All products containing a National Football League identifier**

-All products containing a North Face identifier
-All products containing a Nike identifier
-All products containing a Gucci identifier
-All products containing a Fendi identifier
-All products containing a Chanel identifier
-All products containing a Burberry identifier
-All products containing a Rolex identifier
-All products containing a Prada identifier
-All products containing a Coach identifier
-All products containing a Dolce & Gabanna identifier
-All products containing a Dooney and Bourke, Dourney and Burke (D&B) identifier
-All products containing a Lacoste and/or Izod identifier



-Cash located inside the residence located at 7437 Dulany Drive, McLean, Virginia totaling: $31,392.00 to include the following subtotals: $1000.00; $527.00; $11,500.00; $17,120.00; $627.00; $32.00; $37.00; $38.00; $62.00; $84.00; and $365.00.
-Business cards, receipts, AMEX statement showing purchases from fashion outlet, San Antonio, TX
-Product price lists and product labels
-Product order sheets and information relating to handbags.
-Phone number contacts relating to the order of counterfeit merchandise such as Young Kee Trading Inc. document
-Georgio Jackets, Yoki Sport Coat, Utex Design Coats
X -Hot printer for making metallic foil lettering —
X -Suspected drugs wrapped in plastic —

### Release/Detention

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Cooperation

Your Client agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation. Specifically, Mr. Waziry agrees:

    A.    To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description;

    B.    To answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this and other investigations;

    C.    To make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    D.    Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    E.    Not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    F.    To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

    G.    To answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: John Carlin
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Mark Cummings, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 11/29/06

**Ismael Waziry**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 11/29/06

Mark Cummings, Esquire